DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

Richard Ewenstein (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-7234
    Richard.Ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 19-MJ-71669-MAG |
|---|---|
| Plaintiff, | ) ~~[Proposed]~~ DETENTION ORDER |
| v. | ) |
| KEVIN FUQUA, | ) |
| Defendant. | ) |

On October 10, 2019, the United States charged defendant Kevin Fuqua by complaint with sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2). After the defendant initially waived findings, this matter came before the Court for a detention hearing on April 6, 2020. The defendant was present by telephone, with his consent, and represented by Harris Taback. Assistant United States Attorney Richard Ewenstein appeared for the Government. The hearing began on April 6 but was continued until April 14, 2020 for further proceedings. On April 14, 2020, the defendant was in quarantine at Santa Rita Jail and unable to appear, so the parties agreed to continue the hearing until April 28, 2020, when the defendant was expected to be released from quarantine. On April 28, 2020, the Court and parties were informed that the defendant remained in quarantine. However, Mr. Taback informed the Court that he had recently spoken with his client, and his client had agreed to waive his

appearance at the detention hearing so that it could proceed on April 28, 2020. Mr. Taback and Mr. Ewenstein continued to represent the defendant and the Government, respectively.

The Government moved for detention on the basis that no condition or combination of conditions of release would reasonably assure the safety of the community in light of the defendant's criminal history and conduct while on prior supervision. The defense opposed detention and proposed the defendant's release with one surety and a separate custodian. Pretrial Services recommended detention on the basis that no condition or combination of conditions of release would reasonably assure the safety of the community.

Upon consideration of all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of the community and the alleged victim in this case. Accordingly, the defendant must be detained pending trial in this matter.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Given the nature of the crime alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of the community or the alleged victim. In particular, the

Court notes that the defendant was on federal supervised release at the time he allegedly committed the offenses charged in this case, which involve a minor victim.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

DATED: April 29, 2020

_____
HONORABLE THOMAS S. HIXON
United States Magistrate Judge