DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-7234
    Richard.ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-71669-MAG |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| KEVIN FUQUA, | |
| Defendant. | |

      Plaintiff United States of America, by and through DAVID L. ANDERSON, United States Attorney for the Northern District of California, and RICHARD EWENSTEIN, Assistant United States Attorney for the Northern District of California, and the defendant, KEVIN FUQUA, through his undersigned counsel, hereby stipulate and agree as follows:

      a)      This is a case in which the defendant is charged with a violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), a crime involving a victim and/or witness who is a minor (the Child Victim). As such, the Child Victim is entitled to certain statutory protections, including: (1) Title 18, United States Code, section 3509, which affords certain confidentiality protections to the Child Victim, including the requirement that the Child Victim's name not be included in any public filings and that the parties keep the names of the Child Victim in a secure place to which no person who does not have reason to know

their contents has access; and (2) Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy.

      b)      Some of the discovery materials the government intends to produce in this case may include materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");
2. The name and other personal information of the Child Victim;
3. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and
4. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information");
5. Records related to law enforcement contacts with the Child Victim.

THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order restricting the disclosure of the Protected Information described above as follows:

1.     All Protected Information produced by the government in this matter shall be stamped on its face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER."
2.     The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense:

    a)    Counsel for defendant who have made an appearance in this matter; and

    b)    Persons employed by defense counsel to assist with the preparation of the defense, including legal assistants, experts, and investigators, but only after any such individual has reviewed, signed, and dated a copy of this Protective Order to reflect his or her agreement to be bound by it.

3.     The Defense Team may review with the defendant all discovery material produced by the

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
19-71669-MAG

government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been entirely redacted from the discovery materials.  Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4. The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

5. The Defense Team shall refer to any Child Victim only by her first and last initials in all pleadings and at any court hearings.

6. If the Defense Team files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal.  The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed but that any sealing order is limited to those portions of the pleading for which there is a valid basis to seal.

7. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, and after the deadline for any 28 U.S.C. § 2255 motion has expired, the Defense Team shall destroy all documents and electronic media subject to this Protective Order, delete any electronic copies of such documents or electronic media, or return such documents or electronic media to the government.  Should the Defense Team seek to retain copies of any documents or electronic media that would otherwise be subject to this Protective Order, the Defense Team may seek from government counsel copies of such documents or electronic media with all Protected Information appropriately redacted, or may seek any other appropriate relief from the Court.

8. This Protective Order applies to all attorneys associated with the above case who have knowledge of this Protective Order, regardless of the nature of their involvement in the case.  This

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
19-71669-MAG

Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the documents disclosed to the Defense Team under this Protective Order.

9. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute. Defense counsel shall first raise any disputed designation with the government in writing. If the government does not then agree to change the designation, the defense may raise the issue with the Court.

10. This stipulation is without prejudice to any party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**                              DAVID L. ANDERSON
                                                      United States Attorney

Dated: April 29, 2020                                 ___/s/_____
                                                      **RICHARD EWENSTEIN**
                                                      Assistant United States Attorney


                                                      ___/s/_____
                                                      **HARRIS TABACK**
                                                      Counsel for Defendant **KEVIN FUQUA**


**IT IS SO ORDERED.**

                                                      _____
Dated: April 29, 2020                                 **HONORABLE THOMAS S. HIXON**
                                                      United States Magistrate Judge